Soheyl Tahsildoost (Bar No. 271294)
Elham Hassantash (Bar No. 338200)
THETA LAW FIRM, LLP
12100 Wilshire Blvd. Suite 1070
Los Angeles, CA 90025
Telephone: (424) 297-3103
Facsimile: (424) 286-2244
eservice@thetafirm.com

Attorneys for Defendant Hyundai Motor America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DARDASHTY, an individual and DOES 1-100 inclusive,<br><br>Plaintiffs,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA, INC., a California Corporation, and DOES 1-100, inclusive,<br><br>Defendants. | Case No.: 2:23-cv-09710<br>[Los Angeles County Superior Court Case No. 23STCV23984]<br><br>**DEFENANT HYUNDAI MOTOR AMERICA'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1441 & 1446; DECLARATION OF ELHAM HASSANTASH**<br><br>Complaint Filed: October 2, 2023 |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants Hyundai Motor America ("HMA") (collectively "Defendants"), by their undersigned attorneys, hereby remove the above-captioned civil action, and all claims and causes of action therein, from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California. Defendants state as follows:

**Jurisdiction and Authority for Removal**

1) On **October 2, 2023**, an action was commenced by Plaintiff DAVID DARDASHTY ("Plaintiff") against Defendant in the Superior Court of the State of

California for the County of Los Angeles, entitled "DAVID DARDASHTY v. HYUNDAI MOTOR AMERICA, ET AL." ("State Court Case"), Case No. 23STCV23984. The Summons and Complaint were served on HMA on October 16, 2023. This removal is therefore timely under 28 U.S.C. §1446(b).

2) Attached hereto as **Exhibit A** are all the documents served on the removing Defendant HMA in the State Court Case, including a copy of the conformed State Court Case complaint.

3) The Central District of California encompasses Los Angeles County. Venue is appropriate based on the fact that this action was filed in Los Angeles County and based on the allegations in the Complaint in the State Court Case.

4) The Court has Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331, because the fifth cause of action arise under the Federal Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq., and satisfy the necessary amount in controversy under that statute.

5) Federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. An action "arises under" the federal law within the meaning of 28 U.S.C. § 1331 if: (1) federal law creates the cause of action, or (2) the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. l, 27-28 (1983).

6) This Court has original jurisdiction of Plaintiff's fifth cause of action since these causes of action arise under a federal statute, i.e. 15 U.S.C. § 2301 et seq., otherwise known as the Magnuson-Moss Warranty Act.

7) 15 U.S.C. § 2310(d)(l)(B) of the Magnuson-Moss Warranty Act states in part that a consumer who is damaged by a warrantor's failure to comply with a warranty "may bring suit for damages and other legal and equitable relief in an appropriate district Court of the United States, subject to paragraph (3) of this subsection." Paragraph (3) goes on to state that "[n]o claim shall be cognizable in a suit brought under paragraph (l)(B) of this

subsection ... if the amount in controversy is less than the sum or value of $50,000.00 (exclusive of interest and costs) computed on the basis of all claims to be determined in this suit ... "15 U.S.C. § 2310(d)(3)(B).

8) Here, the amount in controversy exceeds $50,000.00. Per the Complaint, Plaintiff alleges he is entitled to a refund of the total cost under the lease agreement, restitution, general damages, actual damages, incidental and consequential damages, attorneys' fees and costs of suit, as well as prejudgment interest and civil penalty of up to two times Plaintiff's actual damages. (Exhibit A. Complaint ¶¶ 11, 14, 52-55, 70-76, 84-85, 98, 100; p. 15:27 – 16:12 "Prayer for Relief.") Per the Complaint, Plaintiff specifically seeks an amount in excess of $50,000.00 in civil penalties alone, not including the remainder of the damages requested, as well as any additional attorneys' fees and costs of suit. (*Id*. ¶¶ 52-53; p. 15:27 – 16:12.) Thus, the amount in controversy is met.

9) Based on the damages alleged in the Complaint, the amount in controversy is well in excess of $50,000.00 in monetary damages exclusive of attorneys' fees and costs. Potential civil penalties are taken into account in order to determine the amount in controversy. (*See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) [amount in controversy requirement may be established by showing that such damages are "facially apparent" from the plaintiff's Complaint, or by setting forth facts in the Notice of Removal that support a finding of the requisite amount]; *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp.2d 1004, 1009 (U.S.D.C. N.D. Cal., 2002) [civil penalties under California Song-Beverly Consumer Warranty Act are included in determining whether amount in controversy for diversity jurisdiction was satisfied as civil penalties under the Act, allowing up to two times the amount of actual damages as well as compensatory damages, are akin to punitive damages]. Here, per the allegations in the Complaint, Plaintiff is seeking an amount well in excess of $50,000.00.

10) Civil penalties under the Song-Beverly Act are properly included in the amount in controversy. *Brady v. Mercedes Benz,* 243 F. Supp. 2d 1004, 1009 (N.D. Cal.

2002); *See* also *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046, n.3 (9th Cir. 2000) (civil penalties under Cal. Civ. Code§ 52, subd. (a) and punitive damages are included in the amount in controversy). "[W]hen a Defendant seeks federal-court adjudication, the Defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 553 (2014).

11) Where an underlying statute, such as the Song-Beverly Act, authorizes an award of attorneys' fees, such fees may be included in calculating the amount in controversy. *See id.; Morrison v. Allstate lndem. Co.*, 228 F.3d 1255, 1265 (11th Cir.2000). Further, the amount in controversy is an estimate of the amount in dispute, rather than an assessment of the Defendant's potential liability. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). Once the party seeking federal jurisdiction provides plausible explanation for how the amount in controversy is met, the matter should remain in federal Court unless plaintiff cannot possibly recover that amount. *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). Additionally, the *Brady* Court also agreed with the line of cases that held that a reasonable estimate of fees likely to be recovered may be used in calculating the amount in controversy. *See Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir.1998); *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1034-35 (N.D.Cal.2002); *Gerig v. Krause Publications, Inc.*, 58 F.Supp.2d 1261, 1265 (D.Kan.1999); *Plus System, Inc. v. New England Network, Inc.*, 804 F.Supp. 111, 116-17 (D.Colo.1992). A reasonable estimate of attorneys' fees is also properly included. *Id.* at 1010-1011. Fee awards in Song-Beverly cases may be substantial, even in cases that are settled without trial. *See*, e.g., *Goglin v. BMW of N. Am., LLC*, 4 Cal.App.5th 462, 470 (2016) ($185,214.19 fee); *Gezalyan v. Mercedes-Benz USA, LLC*, 697 F.Supp.2d 1168, 1171 (C.D. Cal. 2010) ($50,404.34 fee).

///

///

**Notice to Plaintiff and the Superior Court of Removal of the Civil Action**

12) Defendants will promptly serve a copy of this Notice of Removal on counsel for Plaintiff and all parties and will file a copy of this Notice of Removal with the Clerk of the Superior Court of California for the County of Los Angeles pursuant to 28 U.S.C. § 1446(d).

Dated: November 15, 2023

THETA LAW FIRM, LLP

[signature]

SOHEYL TAHSILDOOST
ELHAM HASSANTASH
Attorneys for Defendants Hyundai Motor America

## DECLARATION OF ELHAM HASSANTASH

I, Elham Hassantash, declare as follows:

1. I am an associate in the law firm of Theta Law Firm, LLP, attorney of record for Defendant Hyundai Motor America ("HMA"). This declaration is offered in support of Defendants' Notice of Removal to the United States District Court for the Central District of California under 28 U.S.C. § 1331, 1441 and 1446. If called as a witness, I could and would competently testify under oath to the following facts of which I have personal knowledge.

2. Defendant HMA was served with Plaintiff's Summons and Complaint on October 16, 2023. A true and correct copy of all the documents served on Defendant HMA in this action are attached hereto as **Exhibit A**, which includes the Summons and Complaint.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 15, 2023 at Los Angeles, California.



ELHAM HASSANTASH

# PROOF OF SERVICE

I am over the age of 18, not a party to this action, and employed in the county where this mailing occurred. My business address is 12100 Wilshire Blvd, Suite 1070 Los Angeles CA 90025. On **November 15, 2023** I served the following documents described as **HYUNDAI MOTOR AMERICA'S, NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1331, 1441 & 1446; DECLARATION OF ELHAM HASSANTASH** as follows:

| | |
|---|---|
| Natan Davoodi<br>The Law Offices of Natan Davoodi, Esq.<br>3580 Wilshire Blvd., Suite 1260<br>Los Angeles, CA 90010<br>Phone: 310-889-4554<br>Fax: 213-382-4083<br>Email: NatanDavoodi@natandavoodilaw.com | |

☐ BY MAIL: I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with proper postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Said mailing is deposited with the United States Postal Service on that same day in the ordinary course of business and there is delivery service by United States mail at the place so addressed. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ BY PERSONAL SERVICE: I delivered such envelope by hand to the individual(s) listed on the above service list.

☒ BY ELECTRONIC TRANSMISSION: I caused to be electronically transmitted such document referenced above to the individual(s) listed on the above service list.

☐ BY FACSIMILE TRANSMISSION: I transmitted the facsimile to the individual(s) listed on the above service list at the facsimile number listed thereon. The telephone number on the facsimile machine I used is (424) 286-2244. The facsimile machine I used complied with Rule 2.306 and no error was reported by the machine. Pursuant to Rule 2.306, I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

☐ BY OVERNIGHT DELIVERY: I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the person at the above-address. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **November 15, 2023** at Los Angeles, California.

s/Monica Ramirez
Monica Ramirez