Soheyl Tahsildoost (Bar No. 271294)
Kainoa Aliviado (Bar No. 308382)
Rohit Sengupta (Bar No. 338300)
THETA LAW FIRM, LLP
12100 Wilshire Blvd., Suite 1070
Los Angeles, CA 90025
Telephone: (424) 297-3103
Facsimile: (424) 286-2244
eservice@thetafirm.com

Attorneys for Defendant
Hyundai Motor America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DARDASHTY, an individual and DOES 1-100 inclusive,<br><br>Plaintiffs,<br><br>v.<br><br>HYUNDAI MOTOR AMERICA, INC., a California Corporation, and DOES 1-100, inclusive,<br><br>Defendants. | Case No. 2:23-cv-09710-MRA-BFM<br><br>**DEFENDANT HYUNDAI MOTOR AMERICA'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: Hon. Mónica Ramírez Almadani<br>Courtroom: 9B<br><br>Hearing Date: December 1, 2026<br>Hearing Time: 10:00 a.m. |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 1, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard before Honorable Mónica Ramírez Almadani in courtroom of 9B of the Ronald Reagan Federal Building and U.S. Courthouse, 411 West 4th Street, Santa Ana, CA 92701, Defendant Hyundai Motor America ("Defendant" or "HMA") will, and hereby does, move the Court, pursuant to FRCP 56 to enter judgment in its favor.

The grounds for this Motion are that the undisputed facts establish that HMA is entitled to judgment as a matter of law as to Plaintiff's Magnuson Moss Warranty

Act ("MMWA") claim because:

(1) Plaintiff failed to utilize HMA's informal dispute resolution before filing suit, as required by the Warranty's "prior resort" clause;

(2) Plaintiff's predicate state-law warranty claims have failed and Plaintiff's MMWA claim fails with them; and

(3) Alternatively, the Arbitrator's determinations in the confirmed arbitration award rendered in connection with the arbitration of Plaintiff's state-law claims have preclusive effect and prevent Plaintiff from establishing essential elements of his MMWA claim.

This Motion is based on this Notice, the pleadings, the records filed in this matter, the Memorandum of Points and Authorities, the Declarations of Rohit Sengupta, Nathanael Hair, Jana Sepulveda, Gregory E. Webster, and Soheyl Tahsildoost, and exhibits attached thereto, and any oral argument that may be heard.

Counsel for Plaintiff and counsel for Defendant met and conferred telephonically in compliance with Local Rule 7-3 prior to the filing of this Motion on January 13, 2026 at approximately noon PT, and again on October 12, 2026 at approximately 10:30 a.m. PT, and were unable to reach a resolution with respect to the issues raised in this Motion (as further detailed in the Declaration of Rohit Sengupta ("Sengupta Decl.")). (Sengupta Decl ¶ 4.) As further detailed in the Sengupta Decl., during these conferences of counsel pursuant to L.R. 7-3, counsel for Defendant maintained that Plaintiff's MMWA claim fails because (1) HMA's Warranty requires consumers to utilize the BBB Auto Line informal dispute resolution program before filing suit under the MMWA and its program and disclosure satisfy 16 C.F.R. Part 703, but Plaintiff failed to utilize the program before filing suit, (2) there are no underlying predicate state violations that would support Plaintiff's MMWA claim and (3) the confirmed arbitration award has preclusive effect and therefore (a) Plaintiff cannot prove a breach of warranty because he is precluded from showing that there was a defect and (b) Plaintiff cannot show an opportunity to cure because the subject vehicle was never presented for repair, in

each case, as is required to support Plaintiff's MMWA claim. Counsel for Plaintiff contends that Plaintiff's MMWA claim remains viable because (i) HMA's informal dispute settlement procedure does not comply with 16 CFR Pt. 703 and lacks jurisdiction because it does not award Attorney's Fees and Costs, (ii) case law establishes the MMWA claim can proceed without an underlying state claim and the Court explicitly carved out the MMWA claim from arbitration here and (iii) the arbitration decisions are not binding and arbitration proceedings will not have a preclusive effect on subsequent federal court proceedings, and, even if they do (x) the subject vehicle does not have to have a defect for Plaintiff to prevail on his MMWA claim and (y) no presentation is required because there is a catastrophic circumstances exception. The full legal arguments and facts discussed during the conferences of counsel pursuant to L.R. 7-3 are included in the chart included in the Sengupta Decl. (Sengupta Decl ¶ 4.)

Dated: October 20, 2026 THETA LAW FIRM, LLP



ROHIT SENGUPTA
Attorney for Defendant Hyundai Motor America

# TABLE OF CONTENTS


I. INTRODUCTION AND SUMMARY OF ARGUMENT.............. 1

II. STATEMENT OF RELEVANT FACTS................................ 4

III. LAW GOVERNING MOTIONS FOR SUMMARY JUDGMENT.... 5

IV. HMA IS ENTITLED TO SUMMARY JUDGMENT BECAUSE PLAINTIFF'S MMWA CLAIM FAILS ON MULTIPLE GROUNDS.............................................................. 6

A. Plaintiff Failed To Satisfy The MMWA's "Prior Resort" Requirement........................................................ 7

B. Plaintiff's MMWA Claim Fails Because His Predicate State-Law Warranty Claims Have Failed................................ 11

C. Alternatively, Plaintiff's MMWA Claim Fails Because The Determinations In The Confirmed Award Have Issue-Preclusive Effect And Preclude Plaintiff From Proving Certain Essential Elements Needed To Support A MMWA Claim...... 12

1. The Confirmed Arbitration Award Has Issue-Preclusive Effect........................................................... 12

2. The Preclusive Effect Of The Confirmed Arbitration Award Precludes Plaintiff From Proving Certain Essential Elements Needed To Support His MMWA Claim......................................................... 15

(a) Plaintiff Cannot Show That HMA Failed To Comply With A Warranty............................................ 15

(b) Plaintiff Cannot Show That HMA Had An Opportunity To Cure Any Breach......................................... 18

V. CONCLUSION............................................................ 20

## TABLE OF AUTHORITIES

**CASES** **PAGE NO.**

*Addisu v. Fred Meyer, Inc.*
198 F.3d 1130 (9th Cir. 2000)………………………………………………….. 5
*Anderson v. Liberty Lobby, Inc.*
477 U.S. 242 (1986)……………………………………………………………. 6
*Barboza v. Mercedes-Benz USA, LLC*
No. 1:22-CV-0845 AWI CDB, slip op. (E.D. Cal. Apr. 26, 2023)……….. 20
*Birdsong v. Apple, Inc.*
590 F.3d 955 (9th Cir. 2009)…………………………………………………. 11
*Carrillo v. BMW of N. Am., LLC*
543 F. Supp. 3d 856 (C.D. Cal. 2021)……………………………………….. 8
*C.D. Anderson & Co. v. Lemos*
832 F.2d 1097 (9th Cir. 1987)………………………………………………... 14
*Celotex Corp. v. Catrett*
477 U.S. 317 (1986)………………………………………………………….. 5,6
*Clark v. Bear Stearns & Co., Inc.*
966 F.2d 1318 (9th Cir. 1992)……………………………………………….. 2,13,14
*Clemens v. DaimlerChrysler Corp.*
534 F.3d 1017 (9th Cir. 2008)………………………………………... 4,7,11,12,16
*Cunningham v. Fleetwood Homes of Ga., Inc.*
253 F.3d 611 (11th Cir. 2001)………………………………………………. 6
*Dardashty v. Hyundai Motor Am.*
745 F. Supp. 3d 986 (C.D. Cal. 2024)…………………………………... 4,11
*De Shazer v. National RV Holdings, Inc.*
391 F. Supp. 2d 791 (D. Ariz. 2005)………………………………………. 19
*Fairbank v. Wunderman Cato Johnson*
212 F.3d 528 (9th Cir. 2000)………………………………………………... 6
*Floyd v. Am. Honda Motor Co.*
966 F.3d 1027 (9th Cir. 2020)………………………………………………. 6
*Galicia v. Country Coach, Inc.*
324 F. App'x 687 (9th Cir. 2009)…………………………………………… 19,20
*Gilmore v. Shearson/Am. Exp., Inc.*
668 F. Supp. 314 (S.D.N.Y. 1987)………………………………………….. 12
*Hansen v. Musk*
122 F.4th 1162 (9th Cir. 2024),
*cert. denied*, 145 S. Ct. 2850 (2025)…………………… 4,12,13,14,15,17,19
*Howard v. City of Coos Bay*
871 F.3d 1032 (9th Cir. 2017)………………………………………….. 12,14
*In re MyFord Touch Consumer Litig.*
46 F. Supp. 3d 936 (N.D. Cal. 2014)…………………………………….. 3,10

*Keegan v. Am. Honda Motor Co.*
838 F. Supp. 2d 929 (C.D. Cal. 2012)………………………………………. 10
*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*
475 U.S. 574 (1986)………………………………………………………… 6
*MRT Constr. Inc. v. Hardrives, Inc.*
158 F.3d 478 (9th Cir. 1998)……………………………………………. 9,10
*Nissan Fire & Marine Ins. Co., Ltd v. Fritz Cos., Inc.*
210 F.3d 1099 (9th Cir. 2000)…………………………………………… 5
*Ngo v. BMW of N. Am., LLC*
23 F.4th 942 (9th Cir. 2022)……………………………………... 7,11
*Nguyen v. Nissan N. Am., Inc.*
932 F.3d 811 (9th Cir. 2019)…………………………………... 7,11,16
*NTCH-WA, Inc. v. ZTE Corp.*
921 F.3d 1175 (9th Cir. 2019)……………………………………….. 13
*Orichian v. BMW of N. Am., LLC*
226 Cal. App. 4th 1322 (2014)……………………………………….. 4,11
*Parkinson v. Hyundai Motor Am.*
258 F.R.D. 580 (C.D. Cal. 2008)……………………………........... 3,10
*Rojas v. Bosch Solar Energy Corp.*
386 F. Supp. 3d 1116 (N.D. Cal. 2019)……………………………... 18,19
*Rubang v. Ally Fin. Inc.*
No. 2:19-cv-0154 MCE DB PS,
slip op. (E.D. Cal. Sept. 27, 2019)…………………………………... 11
*Sacro v. Brookdale Senior Living Communities, Inc.*
No. 2:17-CV-02632-VAP (SS),
2018 WL 11414913 (C.D. Cal. Sept. 13, 2018)…………………………... 12
*SEC v. Seaboard Corp.*
677 F.2d 1301 (9th Cir. 1982)…………………………………………… 6
*Taylor v. Sturgell*
553 U.S. 880 (2008)……………………………………………………….. 13
*Thornhill Publ'g Co. v. GTE Corp.*
594 F.2d 730 (9th Cir. 1979)…………………………………………... 6
*United States v. Childs*
5 F.3d 1328 (9th Cir. 1993)…………………………………………… 9
*Walsh v. Ford Motor Co.*
807 F.2d 1000 (D.C. Cir. 1986)………………………………………. 6,11
*Zylstra v. DRV, LLC*
8 F.4th 597 (7th Cir. 2021)………………………………………… 19,20

///

///

///

| STATUTES, RULES, AND REGULATIONS | PAGE NO. |
|---|---|
| Cal. Civ. Code § 1790 *et seq* | 1 |
| Cal. Civ. Code § 1793.22 | 9 |
| Cal. Bus. & Prof. Code § 472.2 | 9,10 |
| Fed. R. Civ. P. 56 | 5,6 |
| Fed. R. Evid. 803(6) | 9,10 |
| 9 U.S.C. § 9 | 3,13 |
| 9 U.S.C. § 13 | 3,13 |
| 15 U.S.C. § 2301 *et seq* | 2 |
| 15 U.S.C. § 2310 | *passim* |
| 16 C.F.R. pt. 703 | *passim* |
| 28 U.S.C. § 1331 | 2 |
| 28 U.S.C. § 1441 | 2 |
| 28 U.S.C. § 1446 | 2 |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Hyundai Motor America ("Defendant" or "HMA") submits the following points and authorities in support of its Motion for Summary Judgment (this "Motion"):

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff's sole remaining claim in this action for violation of the MMWA cannot survive because the issues essential to establishing a breach of warranty have already been adjudicated against Plaintiff in a final, confirmed arbitration award. Moreover, Plaintiff's MMWA claim fails because the predicate state warranty claims were denied and Plaintiff failed to satisfy the MMWA's applicable pre-suit requirements.

This is a lemon law case concerning Plaintiff David Dardashty's ("Plaintiff") 2023 Hyundai Kona Electric, VIN KM8K23AG2PU176479 ("subject vehicle"), which Plaintiff leased on or about February 18, 2023. (Statement of Undisputed Facts ("SUF") 1.) The lease was accompanied by a warranty provided by HMA, located in the Owner's Handbook & Warranty Information (the "Warranty"). (SUF-2.)

On March 21, 2023, Plaintiff's spouse, Kathy Dardashty ("Ms. Dardashty"), crashed the subject vehicle into a building, rendering it a total loss (the "Accident"). (SUF-3.)

On October 2, 2023, Plaintiff commenced this action against Defendant in the Superior Court of the State of California for the County of Los Angeles, in an action entitled "DAVID DARDASHTY v. HYUNDAI MOTOR AMERICA, ET AL." ("State Court Case"), Case No. 23STCV23984, alleging five causes of action against HMA for (1) violation of the Song-Beverly Consumer Warranty Act, commonly known as California's Lemon Law, Cal. Civ. Code § 1790 *et seq.*; (2) breach of implied warranty of merchantability; (3) negligent repair; (4) misrepresentation; and (5) violation of the Magnuson-Moss Warranty-Federal Trade Commission

Improvement Act ("MMWA"), 15 U.S.C. § 2301 *et seq*. (ECF Dkt 1-1.) Thereafter, on or about November 15, 2023, Defendant removed the action pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, from the Superior Court of California, County of Los Angeles, to the United States District Court for the Central District of California. (ECF Dkt 1.) Defendant subsequently filed a motion to compel binding arbitration on or about April 15, 2024. (ECF Dkt 23.) On or about August 16, 2024, the Court granted Defendant's motion to compel binding arbitration as to all claims except Plaintiff's MMWA claim and compelled all such claims (except Plaintiff's MMWA claim) to arbitration. (ECF Dkt 51.) The Court also stayed the federal action pending the outcome of the arbitration. (ECF Dkt 51, 17:14-15.)

Arbitration was initiated with the American Arbitration Association ("AAA") under the AAA Consumer Arbitration Rules on or about November 4, 2024 as Case Number 01-24-0007-8814 (the "Arbitration"). (SUF-4.) Thereafter, on or about December 23, 2024, the AAA administratively appointed Delton R. Henderson (the "Arbitrator") to serve as arbitrator in accordance with the AAA Consumer Arbitration Rules. (SUF-5.) Evidentiary hearings were held on September 3, 2025 and September 26, 2025, during which counsel for both Plaintiff and Defendant conducted direct and cross examinations of various witnesses. (SUF-6.) Thereafter, both Plaintiff and Defendant submitted closing briefs to the Arbitrator.[1] (SUF-6.)

On November 12, 2025, the Arbitrator issued a comprehensive and well-reasoned Final Arbitration Award (the "Award" or the "Arbitration Award") in

---

[1] HMA also submits the substantive portions of HMA's Arbitration closing brief and full arbitration transcripts as part of the record of the Arbitration so that the Court can (together with the Award) identify the precise issues actually litigated and submitted to the Arbitrator. *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1321-1323 (9th Cir. 1992) [Declining to confer preclusive effect on an arbitral award because the record was insufficient "to pinpoint the exact issues previously determined" because, among other reasons, "No transcript of the arbitration was filed".]; *see also* Declaration of Rohit Sengupta ("Sengupta Decl.") Ex. F (10/17/25 HMA Closing Brief); Sengupta Decl. Ex. G (9/3/25 Arbitration Transcript); Sengupta Decl. Ex. H (9/26/25 Arbitration Transcript).

HMA's favor on all claims subject to the Arbitration, which such Award was delivered to Plaintiff and Defendant on November 13, 2025. (SUF-7.) In the Award, the Arbitrator found, among other things, that (1) Plaintiff had not established that a defect existed in the subject vehicle, (2) the vehicle's systems operated as designed at the time of the Accident and the objective evidence indicated the vehicle's brake and accelerator systems functioned within their design parameters, (3) the vehicle was fit for ordinary purposes and met applicable safety and functionality standards, (4) there was no evidence of any repair work that was requested or performed sufficient to support a negligent repair claim and (5) no evidence of false representations or intent to deceive had been presented. (SUF-8.) Consequently, for the reasons specified in the Award, the Arbitrator ruled in favor of Defendant on all claims brought in the Arbitration and found that Plaintiff should take nothing on the claims subject to the Arbitration. (SUF-8.) Thereafter, on or about February 4, 2026, Defendant filed a Motion to Confirm the Arbitration Award with respect to all claims that were subject to the Arbitration, which was granted by the Court on April 23, 2026.[2] (ECF Dkt 62; ECF Dkt 71.)

HMA now moves for summary judgment as to Plaintiff's remaining MMWA claim on three (3) independent grounds:

(1) The MMWA claim fails because Plaintiff did **not** utilize HMA's informal dispute resolution process prior to the filing of this lawsuit as required by the "prior resort" clause in the Warranty applicable to the subject vehicle. *See* 15 U.S.C. § 2310(a)(3); *In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 989 (N.D. Cal. 2014); *see also Parkinson v. Hyundai Motor Am.*, 258 F.R.D. 580, 593 (C.D. Cal. 2008);

(2) Plaintiff's MMWA claim also fails because the confirmed Award denied

[2] The Court expressly stated that "Pursuant to 9 USC Sub-section 9 and 13, this Court finds that the Final Arbitration Award,[] issued by the Arbitrator on 11/12/2025, is confirmed in all respects and orders that judgment should be entered in conformity therewith."

all of Plaintiff's underlying state-law warranty claims and Plaintiff's MMWA claim is derivative of state warranty law. *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008); *see also Dardashty v. Hyundai Motor Am.*, 745 F. Supp. 3d 986, 997 (C.D. Cal. 2024); *Orichian v. BMW of N. Am., LLC*, 226 Cal. App. 4th 1322, 1330 (2014); and

(3) Alternatively, the MMWA claim fails because the Arbitrator's determinations in the **confirmed** Award have issue-preclusive effect and preclude relitigation of the issues of fact or law actually resolved in the Award. *See Hansen v. Musk*, 122 F.4th 1162, 1176 (9th Cir. 2024). Consequently, the determinations in the confirmed Award preclude Plaintiff from establishing certain essential elements of his MMWA claim.

This Motion should therefore be granted.

## II. STATEMENT OF RELEVANT FACTS

Ms. Dardashty crashed the subject vehicle into a building on March 21, 2023, after which the subject vehicle was deemed a total loss. (SUF-3.)

Neither Plaintiff nor Ms. Dardashty presented the subject vehicle to an authorized HMA dealership for repair *before* the Accident. (SUF-9.)

HMA has a formal internal process to document certain information in connection with customer repurchase and replacement requests. (SUF-10.) There is no record of Plaintiff having requested repurchase or replacement of the subject vehicle *before* the Accident on March 21, 2023. (SUF-11.)

There is no record that Plaintiff initiated or attempted to initiate BBB Auto Line proceedings before filing this action on October 2, 2023. (SUF-12.) Nor has Plaintiff alleged that he attempted to initiate BBB Auto Line proceedings or that he attempted to comply with the prior resort requirements. (ECF Dkt 1-1.)

The subject vehicle is equipped with: (1) two accelerator pedal position

sensors that generate a diagnostic trouble code ("DTC") when either sensor fails (SUF-13); (2) an independent brake sensor (SUF-14); (3) a brake override safety feature that stops the subject vehicle if both the accelerator and brake are depressed at the same time (SUF-15); (4) an Event Data Recorder ("EDR") that acts as the subject vehicle's "black box" and accurately and reliably records certain data leading up to and during a crash (SUF-16, 17); and (5) several redundancies that were built into the subject vehicle's systems as a fail-safe (SUF-18.)

Additionally, evidence shows that the subject vehicle's EDR logged that, at the time of the Accident, there was no brake pedal application and the accelerator pedal was pushed down 99% of its max distance. (SUF-19). No pedal obstructions were found at the post-incident inspection of the subject vehicle. (SUF-20.) Moreover, the subject vehicle's ***main*** braking system, the hydraulic braking system, ***physically*** links the brake pedal (via the master cylinder) to the brakes. (SUF-21.) This hydraulic braking system would have stopped the subject vehicle regardless of any software issues had the brake pedal been applied. (SUF-22.) Similarly, the subject vehicle's brake override system would have stopped the subject vehicle if both the accelerator and brake pedals were depressed at the same time. (SUF-23.)

## III. LAW GOVERNING MOTIONS FOR SUMMARY JUDGMENT

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). The moving party's burden under Rule 56 is met simply by "'showing' -- i.e., pointing out to the District Court -- that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A defendant has also met its burden if it simply sets forth evidence negating an essential element of plaintiffs' claim or "shows" (i.e. points out through argument) "that the nonmoving party does not have enough evidence of an essential element to carry its burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd v. Fritz*

*Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir. 2000). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Additionally, the opponent "may not rest upon mere allegations or denials of his pleading, but…must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("*Anderson*"). As such, the non-moving party must come forward with admissible evidence to satisfy the burden. Fed. R. Civ. P. 56(c). A factual dispute is material only if it affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth. *SEC v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982). Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 252.

## IV. HMA IS ENTITLED TO SUMMARY JUDGMENT BECAUSE PLAINTIFF'S MMWA CLAIM FAILS ON MULTIPLE GROUNDS

The MMWA permits "a consumer who is damaged by the failure of supplier, warrantor, or service contractor to comply with any obligations under [the MMWA], or under a written warranty, implied warranty, or service contract, [to] bring suit for damages and other legal and equitable relief." 15 U.S.C. § 2310(d)(1); *Floyd v. Am. Honda Motor Co.*, 966 F.3d 1027, 1032 (9th Cir. 2020); *Cunningham v. Fleetwood Homes of Ga., Inc.*, 253 F.3d 611, 617-18 (11th Cir. 2001). Except for specific instances in which it prescribes a regulating rule, the MMWA "calls for the application of state written and implied warranty law, not the creation of additional federal law." *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1013-14 (D.C. Cir. 1986);

*see Nguyen v. Nissan N. Am., Inc.*, 932 F.3d 811, 817 n.3 (9th Cir. 2019). Therefore, an MMWA claim will rise or fall with a plaintiff's state law warranty claims. *See Ngo v. BMW of N. Am., LLC*, 23 F.4th 942, 945 (9th Cir. 2022); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008).

Plaintiff's MMWA claim independently fails on each of the following grounds:

A. ***Plaintiff Failed To Satisfy The MMWA's "Prior Resort" Requirement***.

First, Plaintiff's MMWA claim fails because Plaintiff failed to utilize HMA's informal dispute resolution process prior to the filing of this lawsuit, a necessary step before litigation as mandated by the "prior resort" clause in the Warranty.

15 U.S.C. § 2310(a) of the MMWA requires consumers to use an informal dispute settlement mechanism before they may file suit under the MMWA to obtain a remedy for warranty non-performance if there is a "prior resort" clause in the written warranty. 15 U.S.C. § 2310(a)(3) provides that, if a warrantor establishes a procedure that meets the applicable requirements set forth therein and incorporates the procedure into a warranty which provides "…that the consumer resort to such procedure before pursuing any legal remedy…" then "the consumer may not commence a civil action (other than a class action) under subsection (d) of this section unless he initially resorts to such procedure…" 15 U.S.C. § 2310(a)(3). 15 U.S.C. § 2310(d) goes on to clarify that the civil claims under subsection (d) apply to civil suits by "a consumer who is damaged by the failure of a…warrantor…to comply with any obligation under this chapter, or under a written warranty, implied warranty…" This is the exact type of suit brought by Plaintiff. Consequently, the prior resort requirement would apply to Plaintiff's claim if HMA participates in a conforming informal dispute resolution process.

Here, HMA does maintain an informal dispute resolution mechanism as HMA participates in the Better Business Bureau Auto Line program in California. (SUF-24.) Moreover, HMA's warranty contains a "prior resort" provision, requiring consumers to submit warranty disputes to this program before initiating litigation

under the Magnuson-Moss Warranty Act. (SUF-25.) As such, it is clear from the Warranty and the other evidence that HMA ***does*** require customers to use a dispute settlement mechanism *before* bringing a claim under the MMWA.

The dispute resolution process disclosed by HMA in the Warranty also satisfies the requirements of 16 C.F.R. § 703. 16 C.F.R. § 703.2(b) requires that the "warrantor shall disclose clearly and conspicuously at least the following information *on the face of the written warranty*" (emphasis added). 16 C.F.R. § 703.2(b). Per the Court in *Carrillo v. BMW*, the "face of the warranty" means "the page in such document on which the warranty text begins." *Carrillo v. BMW of N. Am., LLC*, 543 F. Supp. 3d 856, 861 (C.D. Cal. 2021) ("*Carrillo*"). The *Carrillo* court further clarified that the page on which the warranty text begins is determined by consulting **the Table of Contents and turning "to the first page of a warranty in the Booklet, as indicated by the Table of Contents..."** (emphasis added). *Id. at* 862.

Here, the table of contents in the Warranty shows that the warranty information begins in the "Hyundai Warranty Information" that starts with the "Alternative Dispute Resolution Requirement" on page 12 of the Warranty. (SUF-26.) As such, per the standard established in *Carrillo* and in accordance with 16 C.F.R. § 703.2(b), HMA's dispute resolution process is disclosed on the *face of the Warranty*.

The face of the Warranty also provides the information required by 16 C.F.R. § 703.2(b)(1) through (3) because it provides the availability, name, address and toll-free telephone number of the dispute resolution mechanism and that the Customer *must* utilize the dispute resolution mechanism before suing under the MMWA. (SUF-27.) The face of the Warranty also complies with 16 C.F.R. § 703.2(b)(4) because it indicates that the "Consumer Information" section of the Warranty and the "Owner's Handbook Supplement" (the "Warranty Supplement") provides further information on the informal dispute resolution mechanism. (SUF-28.)

The Warranty and the Warranty Supplement accompanying the Warranty also comply with 16 C.F.R. § 703.2(c) because, among others, the Warranty and Warranty Supplement collectively include the name, toll-free telephone number and address of the Mechanism as well as a brief description of the mechanism's procedures. (SUF-29.)

The required annual audit also confirms that HMA's BBB Auto Line program satisfied the applicable requirements of 16 C.F.R. Part 703. 16 C.F.R. Part 703 itself requires the mechanism to undergo an annual audit "to determine whether the Mechanism and its implementation are in compliance with this part." 16 C.F.R. § 703.7(a). HMA receives and maintains the annual BBB Auto Line audit in the ordinary course of its business, relies upon the audit, and has a substantial interest in the accuracy of the audit.[3] (SUF-30.) The 2023 BBB Auto Line audit (the "2023 Audit"), which reviewed HMA's 2023 warranty materials, concluded that the BBB Auto Line program was in substantial compliance with the applicable FTC requirements and specifically found that HMA's warranty materials satisfied the applicable disclosure requirements. (SUF-31.)[4]

---

[3] Note that the 2023 Audit is therefore an admissible business record under FRE 803(6). *See MRT Constr. Inc. v. Hardrives, Inc.*, 158 F.3d 478, 483 (9th Cir. 1998) ["records a business receives from others are admissible under Federal Rule of Evidence 803(6) when those records are kept in the regular course of that business, relied upon by that business, and where that business has a substantial interest in the accuracy of the records."]; *United States v. Childs*, 5 F.3d 1328, 1334 (9th Cir. 1993) ["The phrase 'other qualified witness'…" in FRE 803(6) regarding business records "is broadly interpreted to require only that the witness understand the record-keeping system (citations omitted)."]

[4] Additionally, HMA's arbitration program is, and at all times relevant to this action was also, "certified" by the State of California Department of Consumer Affairs, pursuant to California Business and Professions Code § 472.2(b). (SUF-32.) To be certified by the State of California, Department of Consumer Affairs, a manufacturer's arbitration program must meet the minimum requirements of the Federal Trade Commission for informal dispute settlement procedures as set forth in 16 C.F.R. § 703 (i.e. the program must comply with the MMWA requirements to be "certified"). California Civil Code § 1793.22(d)(1); California Business and

Accordingly, the warranty materials, 2023 Audit, and Status Certificate establish that HMA's BBB Auto Line mechanism satisfies the applicable requirements of 16 C.F.R. Part 703. (SUF-24-33.) Additionally, HMA incorporated that qualifying mechanism into the written Warranty and expressly required consumers to initiate BBB Auto Line proceedings before initiating litigation under the Magnuson-Moss Warranty Act. (SUF-25-29.) As such, 15 U.S.C. § 2310(a)(3) applies and expressly precludes civil actions like Plaintiff's claim if the plaintiff failed to satisfy the MMWA's prior resort requirement.

Here, Plaintiff has neither alleged nor provided any evidence that Plaintiff utilized (or even attempted to utilize) HMA's informal dispute resolution mechanism prior to the filing of the action. There is also no record that Plaintiff initiated or attempted to initiate BBB Auto Line proceedings before filing this action on October 2, 2023. (SUF-12.) Consequently, Plaintiff failed to satisfy the MMWA "prior resort" requirement, and his MMWA claim fails. *See* 15 U.S.C. § 2310(a)(3); *In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 989 (N.D. Cal. 2014) ["dismissal of the MMWA claim (without prejudice) is appropriate based on the failure to comply with the informal dispute settlement procedure"]; *see also Parkinson v. Hyundai Motor Am.*, 258 F.R.D. 580, 593 (C.D. Cal. 2008) ["Certification of plaintiffs'…" MMWA claims "…cannot be granted because plaintiffs have failed to resort to defendant's informal dispute settlement mechanism, the BBB Auto Line."]; *Keegan v. Am. Honda Motor Co.*, 838 F. Supp. 2d 929, 956 (C.D. Cal. 2012).[5]

---

Professions Code § 472.2(b). Therefore, it logically follows that HMA's program has been found to meet the requirements of the MMWA. The records of these certifications are also admissible as business records under FRE 803(6) because they meet the applicable requirements. (SUF-33.) *See MRT Constr. Inc. v. Hardrives, Inc.*, 158 F.3d 478, 483 (9th Cir. 1998).

[5] Given the foregoing, HMA has affirmatively established that its BBB Auto Line program is a qualifying informal dispute settlement mechanism.

Accordingly, Plaintiff's MMWA claim fails and the Motion should be granted.

B. ***Plaintiff's MMWA Claim Fails Because His Predicate State-Law Warranty Claims Have Failed***.

Plaintiff's MMWA claim also fails because Plaintiff's state law warranty claims have already failed and the "disposition of the state law warranty claims determines the disposition of the Magnuson-Moss Act claims". *Clemens v. DaimlerChrysler Corp*., 534 F.3d 1017, 1022 (9th Cir. 2008).

The MMWA "supplements" state law, but does not "substitute federal law for state law of consumer product warranties". *Orichian v. BMW of N. Am., LLC*, 226 Cal. App. 4th 1322, 1330 (2014). Consequently, except for specific instances in which it prescribes a regulating rule, the MMWA "calls for the application of state written and implied warranty law, not the creation of additional federal law." *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1013-14 (D.C. Cir. 1986); *see Nguyen v. Nissan N. Am., Inc.*, 932 F.3d 811, 817 n.3 (9th Cir. 2019). Therefore, an MMWA claim will rise or fall with a plaintiff's state law warranty claims. *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008); *Dardashty v. Hyundai Motor Am.*, 745 F. Supp. 3d 986, 997 (C.D. Cal. 2024)[6]; *Ngo v. BMW of N. Am., LLC*, 23 F.4th 942, 945 (9th Cir. 2022*); Birdsong v. Apple, Inc.*, 590 F.3d 955, 958 n.2 (9th Cir. 2009); *Rubang v. Ally Fin. Inc*., No. 2:19-cv-0154 MCE DB PS, slip op. at 3 (E.D. Cal. Sept. 27, 2019).

Here, Plaintiff expressly alleged that his MMWA claim is predicated on HMA's purported "failure to properly repair the automobile and conform the automobile to the terms of the applicable warranties…". (ECF Dkt 1-1 ¶ 122.) However, the confirmed Arbitration Award rejected Plaintiff's state law based

---

[6] Note Plaintiff previously advanced the same basic position. *See* ECF Dkt 28: 20:10-12 ["Indeed, the Song-Beverly Act and Magnuson-Moss Act are so inherently intertwined that courts routinely look to the Song-Beverly Act to determine how to correctly enforce the Magnuson-Moss Act (citing *Romo v. FFG Ins. Co.* (C. D. Cal. 2005) 397 F. Supp. 2d 1237, 1239.)."]

express and implied warranty claims and Plaintiff's MMWA claim therefore fails. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008).

To the extent Plaintiff argues that the Motion should be denied because it would result in a situation where the confirmed Arbitration Award impermissibly nullifies the federal cause of action, such argument should fail because case law establishes that a party's "…success at arbitration may render litigation of the nonarbitrable claims unnecessary." *Sacro v. Brookdale Senior Living Communities, Inc.*, No. 2:17-CV-02632-VAP (SS), 2018 WL 11414913, at *5 (C.D. Cal. Sept. 13, 2018); *Gilmore v. Shearson/Am. Exp., Inc.*, 668 F. Supp. 314, 321 n.11 (S.D.N.Y. 1987).

Accordingly, Plaintiff's MMWA claim fails and the Motion should be granted.

C. ***<u>Alternatively, Plaintiff's MMWA Claim Fails Because The Determinations In The Confirmed Award Have Issue-Preclusive Effect And Preclude Plaintiff From Proving Certain Essential Elements Needed To Support A MMWA Claim</u>***.

Alternatively, if the Court concludes (i) that 15 U.S.C. § 2310(a)(3) does not apply and/or (ii) that Plaintiff may maintain his MMWA claim despite the fact that his predicate state law warranty claims have failed, Plaintiff's MMWA claim would still fail on independent grounds. As detailed below, the Arbitrator's determinations in the confirmed Award satisfy the requirements for issue preclusion and preclude Plaintiff from proving certain essential elements underlying his MMWA claim. *See Hansen v. Musk*, 122 F.4th 1162 (9th Cir. 2024), *cert. denied*, 145 S. Ct. 2850 (2025) ("*Hansen*").

1. *<u>The Confirmed Arbitration Award Has Issue-Preclusive Effect</u>*.

As an initial matter, Defendant seeks to invoke issue preclusion here. Issue preclusion, or collateral estoppel, "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim". *Howard v.*

*City of Coos Bay*, 871 F.3d 1032, 1040–1044 (9th Cir. 2017) (*quoting Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)); *see also Hansen v. Musk*, 122 F.4th 1162, 1173 (9th Cir. 2024). In contrast, claim preclusion, or res judicata, prevents the relitigation of a claim that was previously tried and decided. *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1321 (9th Cir. 1992). Here, Defendant *does not* contend that ***Plaintiff's MMWA claim itself*** was adjudicated in arbitration or is barred by claim preclusion. Rather, Defendant invokes ***issue preclusion*** with respect to determinations in the confirmed Award (that satisfy the requirements for issue preclusion to apply), which such determinations **(i)** ***preclude relitigating issues underlying Plaintiff's MMWA claim*** and (ii) therefore correspondingly preclude Plaintiff from proving essential elements of his MMWA claim. *See Hansen v. Musk*, 122 F.4th 1162, 1166 (9th Cir. 2024):

> ["We hold that, although an arbitrator's decision can never preclude a SOX claim, a confirmed arbitral award can sometimes preclude relitigation of the issues underlying such a claim. And, in this case, we hold that relitigation of the dispositive issues underlying Karl Hansen's SOX claim is precluded by a confirmed arbitral award that also conclusively resolves Hansen's other claims".]

Second, this Court expressly confirmed the Arbitration Award pursuant to 9 U.S.C. §§ 9 and 13 on or about April 23, 2026. (ECF Dkt 71.) Under 9 U.S.C. § 13, the confirmed Arbitration Award has "the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." This is reaffirmed by applicable case law which clearly establishes that a "federal-court order confirming an arbitration award has 'the same force and effect' as a final judgment on the merits, 9 U.S.C. § 13, including the same preclusive effect." *NTCH-WA, Inc. v. ZTE Corp.*, 921 F.3d 1175, 1181 (9th Cir. 2019). As such, it is clear that the confirmed Arbitration Award has preclusive effect.

Additionally, the recent Ninth Circuit decision in *Hansen* reaffirmed that the

preclusive effect of a confirmed arbitration award applies to non-arbitrable claims as well. In *Hansen*, the Court found that a confirmed arbitration award resolving an arbitrable claim could preclude a separate nonarbitrable claim arising out of the Sarbanes-Oxley Act of 2002. In its analysis, the *Hansen* Court expressly stated that "The Federal Arbitration Act contains an express statutory command that…an arbitrator's decision be given "the same force and effect" as any other judgment from a federal court, "including the same preclusive effect". *Hansen v. Musk*, 122 F.4th 1162, 1172 (9th Cir. 2024). The *Hansen* Court went on to note that "…even though a prior judgment could not have addressed the plaintiff's present claim, issue preclusion applied because it "bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim"". *Hansen v. Musk*, 122 F.4th 1162, 1173 (9th Cir. 2024) (*citing* to *Howard v. City of Coos Bay*, 871 F.3d 1032, 1040–44 (9th Cir. 2017)). Given the foregoing, the *Hansen* Court found no reason to "…exempt SOX claims from the preclusive effect afforded to confirmed arbitral awards." *Hansen v. Musk*, 122 F.4th 1162, 1173 (9th Cir. 2024). On such basis, the *Hansen* Court affirmed the district court's decision to dismiss Hansen's complaint because the arbitrator's findings <u>*precluded Hansen from relitigating factual issues*</u> that were decided during the arbitration that were also key to Hansen's non-arbitrable Sarbanes-Oxley Act claim.[7]

---

[7] Several other Ninth Circuit decisions support the position that a confirmed arbitration award can have issue-preclusive effect even if the underlying claim is non-arbitrable. For example, the Ninth Circuit in *C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097 (9th Cir. 1987) affirmed the district court's dismissal of certain federal securities law claims that were not subject to the arbitration between the parties because such non-arbitrated claims were barred by the determinations in the applicable arbitration award. Similarly, in *Clark v Bear Stearns & Co., Inc. et al.*, 966 F.2d 1318, 1321 (9th Cir. 1992), the court held that "[a]n arbitration decision can have res judicata or collateral estoppel effect even if the underlying claim involves the federal securities".

Finally, note that for "issue preclusion to apply, the party seeking preclusion must show "(1) the issue at stake was identical in both proceedings[8]; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Hansen v. Musk*, 122 F.4th 1162, 1173-1174 (9th Cir. 2024) (citations omitted).

Accordingly, certain determinations in the confirmed Arbitration Award meet the requirements for issue preclusion to apply (as detailed below) and therefore have issue-preclusive effect and preclude relitigation of the issues underlying Plaintiff's MMWA claim. Consequently, Plaintiff cannot show that essential elements of his MMWA claim are met and the MMWA claim therefore fails.

2. *The Preclusive Effect Of The Confirmed Arbitration Award Precludes Plaintiff From Proving Certain Essential Elements Needed To Support His MMWA Claim*.

Given the foregoing, even if the MMWA did create a private right of action without an underlying state law warranty claim (which Defendant does not agree), Plaintiff's MMWA claim would still fail because Plaintiff is precluded from proving the following essential elements of his MMWA claim:

**(a) Plaintiff Cannot Show That HMA Failed To Comply With A Warranty.**

Plaintiff's MMWA claim fails because Plaintiff cannot show that HMA breached a "written warranty". *See* 15 U.S.C. § 2310(d)(1).

As an initial matter, Plaintiff's Complaint shows that Plaintiff's MMWA claim is predicated upon an alleged failure to comply with a written warranty because the Complaint alleges that "HMA's failure to properly repair the automobile and conform the automobile to the terms of the applicable warranties is in violation

[8] Plaintiff has previously argued that Plaintiff's MMWA and Song-Beverly Act claims "involve the same facts and the same parties, and that require the same elements of proof." *See* ECF Dkt 28: 21:12-14.

of the Magnuson-Moss Warranty Act." (ECF Dkt 1-1 ¶ 122.) Consequently, where, as here, an MMWA claim is predicated upon an alleged failure to comply with a written warranty, liability under 15 U.S.C. § 2310(d)(1) requires a breach of an obligation imposed by that warranty. *See* 15 U.S.C. § 2310(d)(1); *see also Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 & n.3 (9th Cir. 2008). Restated, to support Plaintiff's MMWA claim, Plaintiff must show that Defendant breached a written warranty by virtue of a defect with the subject vehicle.

Plaintiff's claim therefore fails because Plaintiff cannot show a breach of a written warranty applicable to the subject vehicle. Here, the Warranty expressly provides that, (i) subject to certain conditions, HMA will "…repair, replace, or adjust all parts on your vehicle that malfunction or fail …***due to a defect in factory materials or workmanship***" (emphasis added) during the coverage period; (ii) the "warranty does not mean that each Hyundai vehicle is defect free"; and (iii) the "warranties are provided ***only*** to ***remedy manufacturing defects*** that result in vehicle part malfunction or failure during the applicable warranty periods" (emphasis added). (SUF-34.)

However, the Arbitrator expressly made the determination in the Award that there was ***no*** "*corroborating evidence of a defect in materials or workmanship* in the subject vehicle at the time of sale or during the warranty period, and with objective data indicating the vehicle systems operated within design parameters, Claimant has not met the burden of proof required under the Act" (emphasis added). (SUF-35.) Consequently, Plaintiff cannot establish a breach of HMA's written warranty.

Moreover, it is clear that the issue at stake here is identical to one of the issues at stake in the arbitration. *See Nguyen v. Nissan N. Am., Inc.*, 932 F.3d 811, 817 n.3 (9th Cir. 2019) [Stating that the MMWA calls for the application of state written and implied warranty law]. Additionally, the determination was necessary to decide the merits of the Song-Beverly Act claim subject to the Arbitration because, as determined in the Award, "To prevail under the Song-Beverly Consumer Warranty

Act (the "Act"), Claimant must establish by a preponderance of the evidence that: (1) a defect existed in the vehicle…". (SUF-36.) Accordingly, it is also established that the issue at stake was actually litigated and decided in the Arbitration and there was a full and fair opportunity to litigate the issue. Consequently, issue preclusion applies. *Hansen v. Musk*, 122 F.4th 1162, 1173-1174 (9th Cir. 2024) (citations omitted).

Since issue preclusion applies, the Arbitrator's determination in the confirmed Award finding that there was no corroborating evidence of a defect in materials or workmanship with respect to the subject vehicle precludes Plaintiff from relitigating that issue and therefore from establishing that HMA breached a "written warranty" as required by 15 U.S.C. § 2310(d)(1). Plaintiff's MMWA claim therefore fails.[9]

In addition to the above, the evidence that was presented during the arbitration shows that Plaintiff cannot prove that there was a breach of any written warranty. For example, as determined in the Award, "Both experts agree on the recorded data showing no brake input and full accelerator depression 0.5 seconds before impact." (SUF-37.) The Arbitrator went on to determine that this recorded "EDR data indicating no brake input but full accelerator depression, combined with the physical inspection showing properly functioning systems, supports a conclusion that the vehicle performed according to its design." (SUF-38.) The Arbitrator also determined that the evidence presented by Plaintiff "does not establish that the specific defect conditions existed in the subject vehicle or during this incident" because such evidence did not establish a link to the subject vehicle or the incident circumstances. (SUF-39.)

---

[9] To the extent Plaintiff contends that a separate service contract exists (which Defendant does not agree or concede), any such theory premised upon HMA's alleged failure to service or repair the subject vehicle fails for the same reasons. As detailed below, Plaintiff is precluded from disputing the Arbitrator's determination that "The record contains no evidence that the subject vehicle was presented to Respondent for service or repair prior to the incident". Plaintiff therefore cannot establish that any obligations in the purported "service contract" were breached by HMA's alleged failure to service or repair the vehicle**.**

Additionally, the Arbitrator determined that:

> "The EDR data and physical inspection indicate the vehicle's brake and accelerator systems functioned within specifications… A vehicle involved in a collision resulting from operator input, absent evidence of mechanical malfunction or design defect, does not necessarily breach merchantability standards." (SUF-40.)

After accounting for the deficiencies in Plaintiff's arguments, the only "evidence" of a defect was Ms. Dardashty's representation that she applied the brakes at the time of the Accident (and evidence based entirely on such representations).[10]

Consequently, the Arbitrator's aforementioned determinations in the confirmed Award have issue-preclusive effect and preclude Plaintiff from relitigating the issue of whether Defendant failed to comply with any written warranty.

Finally, the evidence shows that the subject vehicle was deemed a total loss following the Accident and was therefore no longer covered under the Warranty (per the express terms thereof) once it was deemed a total loss. (SUF-3,42.) Plaintiff therefore cannot establish a breach of the Warranty based on events that occurred after the subject vehicle was deemed a total loss.

Plaintiff's MMWA claim therefore fails.

**(b) Plaintiff Cannot Show That HMA Had An Opportunity To Cure Any Breach.**

If the Court concludes 15 U.S.C. § 2310(a)(3) does not apply and, even assuming arguendo that Plaintiff could establish a breach of HMA's written warranty (which HMA does not agree), Plaintiff's MMWA claim independently fails because HMA was never afforded a reasonable opportunity to cure any such breach. Except for actions respecting warranties to which 15 U.S.C. § 2310(a)(3) applies, prior to the filing of an action under the MMWA, a plaintiff must give the person obligated under the warranty a reasonable opportunity to cure a breach. *See*

---

[10] *See also* Sengupta Decl. Ex. F (10/17/25 HMA Closing Brief) 16:7-24.

15 U.S.C. § 2310(e); *Rojas v. Bosch Solar Energy Corp.*, 386 F. Supp. 3d 1116, 1128 (N.D. Cal. 2019) ("*Rojas*"); *De Shazer v. National RV Holdings, Inc.*, 391 F. Supp. 2d 791, 798 (D. Ariz. 2005). The failure to meet this "opportunity to cure" prerequisite precludes a plaintiff from pursuing an MMWA claim. *See* 15 U.S.C. § 2310(e); *Rojas*, 386 F. Supp. 3d at 1128.

Moreover, issue preclusion prevents Plaintiff from relitigating the historical fact that the subject vehicle was never presented to HMA for service or repair before the Accident. The Arbitrator expressly determined that "The record contains no evidence that the subject vehicle was presented to Respondent for service or repair prior to the incident." (SUF-41.) That determination was necessary to the Arbitrator's disposition of Plaintiff's negligent repair claim because the Arbitrator relied upon the absence of any such presentment in determining that the "essential elements of negligent repair cannot be established in this case." (SUF-41.) Consequently, the identical historical issue (i.e. whether the subject vehicle was ever presented for service or repair) was therefore actually litigated and decided in the Arbitration, necessary for the Arbitrator to decide the merits of Plaintiff's negligent repair claim and subject to a full and fair opportunity to litigate the issue. Plaintiff is accordingly precluded from relitigating the factual determination that the subject vehicle was never presented for repair. *Hansen v. Musk*, 122 F.4th 1162, 1173-1174 (9th Cir. 2024) (citations omitted).

The factual determination that the subject vehicle was never presented for repair resolves the issue of whether Defendant had an "opportunity to cure" per 15 U.S.C. § 2310(e). As noted above, the failure to meet the "opportunity to cure" prerequisite precludes a plaintiff from pursuing an MMWA claim. *See* 15 U.S.C. § 2310(e); *Rojas*, 386 F. Supp. 3d at 1128. Case law establishes that, where a plaintiff fails to provide the warrantor a reasonable opportunity to repair the alleged defect, the MMWA claim fails. See *Galicia v. Country Coach, Inc.*, 324 F. App'x 687, 689–90 (9th Cir. 2009) [affirming summary judgment where plaintiffs failed to provide warrantor a reasonable opportunity to repair]; *Zylstra v. DRV, LLC*, 8 F.4th 597,

603–04 (7th Cir. 2021) [failure to present vehicle for repair defeated warranty claim and, "[f]or this reason," MMWA claim also failed]; *Barboza v. Mercedes-Benz USA, LLC*, No. 1:22-CV-0845 AWI CDB, slip op. at *9-10 (E.D. Cal. Apr. 26, 2023). Consequently, since Plaintiff is precluded from disputing the fact that the subject vehicle was not presented for repair before the Accident, Plaintiff accordingly cannot satisfy 15 U.S.C. § 2310(e)'s reasonable opportunity to cure requirement, and his MMWA claim fails. See *Galicia v. Country Coach, Inc.*, 324 F. App'x 687, 689–90 (9th Cir. 2009).

The undisputed record independently confirms the point. In the (approximately) one month between the date Plaintiff leased the subject vehicle (February 18, 2023) and the date of the Accident (March 21, 2023), neither Plaintiff nor Ms. Dardashty presented the subject vehicle to an authorized HMA dealership for repair. (SUF-9.) Plaintiff likewise did not request repurchase or replacement before the Accident on March 21, 2023. (SUF-10,11.) Thus, whether by virtue of the preclusive effect of the confirmed Award or the undisputed evidentiary record, Plaintiff cannot establish that HMA was afforded a reasonable opportunity to cure any alleged breach before Plaintiff filed suit.

Accordingly, Plaintiff cannot satisfy the reasonable opportunity to cure requirement in 15 U.S.C. § 2310(e) and his MMWA claim therefore fails.

## V. <u>CONCLUSION</u>

HMA requests that this Court grant its Motion for Summary Judgment.

The undersigned, counsel of record for Defendant, certifies that this brief contains 6618 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 20, 2026 THETA LAW FIRM, LLP

Rohit Sengupta
Attorney for Defendant Hyundai Motor America

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2026, I filed the foregoing document entitled **DEFENDANT HYUNDAI MOTOR AMERICA'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.



Rohit Sengupta